UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE<br>6218 Georgia Avenue, NW<br>Suite 1-1235<br>Washington, D.C. 20011,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL TRADE COMMISSION,<br>600 Pennsylvania Avenue, NW<br>Washington, D.C. 20580,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Case No. 1:22-cv-3273<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

1. Plaintiff, Functional Government Initiative ("FGI"), brings this action against the United States Federal Trade Commission ("FTC") pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, requesting declaratory and injunctive relief to compel Defendant's compliance with FOIA.

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction over this FOIA matter pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue in this Court is provided for by 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## **PARTIES TO THE ACTION**

4. Plaintiff, FGI, is an unincorporated association of individuals dedicated to improving the American public's access to information about the officials, decisions, actions, and priorities of their government.  *See* D.C. Code § 29-1102(5).

1

5. FGI accomplishes its mission though investigative research, analysis, and dissemination of the information it obtains. The records FGI seeks in this FOIA action are vital to its mission.

6. Defendant, FTC, is an independent regulatory agency and therefore an "agency" within the meaning of and subject to FOIA. *See* 5 U.S.C. § 551(1), §§ 552(f)(1

## STATEMENT OF FACTS

7. On May 24, 2022, FTC announced that it was launching an inquiry into an ongoing shortage of infant formula that it referred to as the "Infant Formula Crisis." *See* https://www.ftc.gov/news-events/news/press-releases/2022/05/federal-trade-commission-launches-inquiry-infant-formula-crisis

8. As part of its investigation, FTC solicited public comments on factors that may have contributed to the infant formula crises and its impact on families and retailers. *See* https://www.regulations.gov/docket/FTC-2022-0031/comments.

9. On August 7, 2022, FGI submitted a FOIA request to FTC seeking the production of:

> All records from February 17, 2022, to the date FTC conducts the search meeting the following criteria:
>
> 1. All records about investigating the infant formula industry and supply chains, including but not limited to the announcement by the FTC on May 24, 2022. See https://www.ftc.gov/news-events/news/press-releases/2022/05/federal-trade-commission-launches-inquiry-infant-formula-crisis for reference.
>
> 2. All records of any commissioner of the FTC discussing actions the Commission may take regarding infant formula as a result of that announced investigation or other investigations into infant formula.
>
> 3. Any analysis or discussion by FTC commissioners or their staff of the comments submitted to the FTC regarding infant formula. See https://www.regulations.gov/docket/FTC-2022-0031/comments for reference.
>
> 4. All communications of FTC commissioners or their staff and Members of Congress or congressional staff about infant formula.

> 5. All records between commissioners of the FTC or their staff and outside (non-governmental) organizations about FTC investigations and actions involving infant formula.
>
> 6. All records discussing or replying to inquiries from the news media about FTC investigations and actions about meat and poultry.
>
> A copy of FGI's FOIA request to FTC dated August 7, 2022, is attached as Exhibit 1.

10. The release of the documents requested by FGI from FTC is in the public interest because it will provide American citizens with insight into their government's assessment of the causes of the infant formula crisis that continues to cause hardship to families across the country.

11. FGI anticipates that officials and staff at FTC discussed and participated in making and implementing decisions about the investigation into the infant formula crisis. The public does not have an ability to easily evaluate the decision-making surrounding FTC's investigation.

12. FTC's investigation into the causes of the infant formula crises is especially significant given that the Nation continues to confront shortages in the supply of infant formula that threatens the well-being of some of the country's most vulnerable individuals.

13. On September 6, 2022, one month after submitting its FOIA request, FGI requested that FTC provide it an update about the status of FTC's response to its request.

14. On September 7, 2022, FTC emailed a letter to FGI stating that FTC would be unable to respond to FGI's request within the 20-business day period codified in FOIA.

15. The letter further stated that FTC was granting itself an extension based on "unusual circumstances" arising from its "need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request." *See* 5 U.S.C. § 552(a)(6)(B)(iii).

16. The letter did not set forth the date when a determination on FGI's FOIA request was expected to be dispatched. *See* 5 U.S.C. 552(a)(6)(B)(a).

17. The letter did not identify the number or location of the field facilities or other establishments FTC needed to search.

18. The letter did not identify any specific concern about the scope of FGI's FOIA request or say that the request could not be completed as submitted and did not request any information from FGI to address the unusual circumstance.

19. In an email dated September 7, 2022, FGI told FTC that it remained ready to provide any information needed for FTC to complete the timely processing of its request.

20. FTC did not respond to FGI's email of September 7, 2022.

21. As of the filing of this Complaint, FTC has not produced any responsive documents, communicated to FGI the scope of the documents it intends to produce and withhold along with the reasons for any withholding, provided FGI with a date by which it will comply with FGI's request, or informed FGI of any adverse determination pursuant to which FGI could file an administrative appeal.

22. As of the filing of this Complaint, FGI's FOIA request has been pending for longer than the applicable statutory time limits within which FTC is required to provide a determination.

23. Because FTC has failed to provide FGI with a determination within the applicable statutory time limits, FGI is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552 (a)(6)(C)(in).

24. Absent the filing of this lawsuit, FGI will not obtain the records to which it is entitled under FOIA.

25. Accordingly, FGI may now pursue relief in this Court to compel release of responsive, nonexempt records improperly withheld by FTC. *See* 5 U.S.C. § 552 (a)(4)(B).

**COUNT I**
**Wrongful Withholding Of Non-Exempt Responsive Records By Defendant**
**In Violation of FOIA, 5 U.S.C. § 552**

26. FGI restates and incorporates by reference all the preceding paragraphs.

27. FGI properly requested records within the possession, custody, and control of FTC.

28. Because FTC is an "agency" subject to FOIA, it must release all non-exempt records and provide legitimate reasons for withholding any records. *See* 5 U.S.C. § 551(1), § 552(f)(1).

29. By failing to produce all responsive, non-exempt records, FTC is wrongfully withholding agency records subject to release under FOIA.

30. By failing to segregate exempt information in otherwise non-exempt records responsive to FGI's FOIA request, FTC is wrongfully withholding agency records subject to release under FOIA. 5 U.S.C. § (a)(8)(A)(ii)

31. Because FTC has failed to provide a determination on FGI's FOIA request within the applicable statutory time limits, FGI is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552 (a)(6)(C)(i).

32. Despite FGI's stated willing to work with FTC to obtain records that are clearly in the public interest and releasable under FOIA, it is apparent that absent this lawsuit FTC will not comply with its obligations under FOIA.

33. Accordingly, FGI is entitled to declaratory and injunctive relief requiring FTC to produce promptly all non-exempt records and the reasonably segregable portions of other records responsive to its FOIA request and to provide indexes justifying the withholding of any responsive records under a claim of exemption.

**REQUESTED RELIEF**

FGI respectfully requests this Court:

(1) Take and maintain jurisdiction over this case until FTC complies with the requirements of FOIA and the orders of this Court.

(2) Order FTC to produce all non-exempt records and non-exempt portions of other records responsive to FGI's FOIA request and provide indexes justifying the withholding of all or any portion of responsive records under claim of exemption.

(3) Order FTC to produce all non-exempt records within ten days, or within such other period that the Court deems reasonable.

(4) Enjoin FTC from continuing to withhold all non-exempt responsive records and portions of records.

(5) Award the reasonable attorney's fees and other litigation costs incurred in this action, as provided for by 5 U.S.C. § 552(a)(4)(E).

(6) Grant FGI such other relief as this Court deems to be necessary and proper.

Dated: October 26, 2022

Respectfully submitted,

FUNCTIONAL GOVERNMENT INITIATIVE
By Counsel:

/s/ Richard W. Goeken
D.D.C. Bar # 441217
LUMEN LAW FIRM, LLC
1802 Vernon Street, Suite 2040
Washington, D.C. 20009
(202) 391-6020

*Counsel for the Plaintiff*